# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

|  |  |
|---|---|
| TAVARES L. FARRINGTON, ) <br> ) <br>    Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br>    Respondent. ) <br> ) | Case No. 1:21-cv-01020-STA-jay |

## ORDER DENYING § 2255 MOTION, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

On January 29, 2021, Petitioner Tavares L. Farrington, Bureau of Prisons register number 30168-076, an inmate then incarcerated at the United States Penitentiary in Atlanta, Georgia, filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). (ECF No. 1.) Farrington challenged his conviction under 18 U.S.C. § 922(g)(1) based on *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (*Id*. at PageID 4.) He also alleged that his attorney performed deficiently by failing to properly advise him during plea negotiations and for failing to request a mental health evaluation. (*Id*. at PageID 5-6.) The Court directed the United States to file a response. (ECF No. 4.) The United States filed its response in opposition on September 7, 2021. (ECF No. 6.)

Farrington sought to amend his initial § 2255 Motion on March 4, 2022. (ECF No. 10.) He then filed a duplicate motion to amend on April 29, 2022. (ECF No. 13.) Farrington sought to add the following claims: (1) his Florida robbery convictions did not qualify as predicate "violent felonies" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and (2) his attorney was ineffective for failing to argue that Florida robbery was not a violent felony under

the ACCA.  (*Id*. at PageID at 5-13.)  On June 6, 2022, Farrington filed another motion seeking to amend his § 2255 Motion to add a claim under *Wooden v. United States*, 595 U.S. 360 (2022).  (ECF No. 16.)

The Court granted the motions at ECF Nos. 13 and 16, denied the duplicate motion at ECF No. 10 as moot, and ordered the United States to respond to the additional claims.  (ECF No. 21 at PageID 142.)  On July 21, 2023, the United States filed a response in opposition to Farrington's supplemental claims.  (ECF No. 27.)  Farrington then filed a motion seeking documents from the Probation Office supporting his criminal history.  (ECF No. 28.)  He also filed three motions requesting an extension of time to file a reply to the United States' supplemental response.  (ECF Nos. 29, 30, & 31.)

## BACKGROUND

On April 17, 2017, Farrington was indicted for knowingly possessing ammunition as a convicted felon, in violation of § 922(g)(1).  (*United States v. Farrington*, No. 1:17-cr-10032-STA-1, Indictment, ECF No. 14 (W.D. Tenn. Apr. 17, 2017)).  Farrington entered a conditional guilty plea under Rule 11(a)(2) of the Federal Rules of Criminal Procedure and reserved only his right to appeal the adverse ruling on his motion to suppress evidence.  (ECF No. 67.)  He was sentenced as an armed career criminal to 188 months of imprisonment.  (*See* ECF No. 86 at PageID 279-80.)

Farrington was subject to an enhanced sentence under § 924(e)(1) because he had at least three prior convictions that qualified as "violent felonies."  (ECF No. 71 at PageID 209 (¶ 19).)  The presentence report ("PSR") identified several ACCA predicate offenses, including multiple convictions for robbery with a firearm and aggravated battery with a firearm.  (*Id*. at PageID 216-17 (¶¶ 35, 37).)  An addendum to the PSR stated that following the Supreme Court's decision in

2

*Stokeling v. United States*, 139 S. Ct. 544 (2019), Farrington's convictions for robbery in paragraphs 34, 36, and 38 were also qualifying ACCA offenses.  (ECF No. 84 at PageID 277.)

Farrington filed an appeal challenging only the denial of his motion to suppress evidence. (ECF No. 108 at PageID 455.)  The Sixth Circuit affirmed.  (*Id*.)  Farrington filed a writ of certiorari with the Supreme Court, which was denied on April 7, 2020.  (ECF No. 111).

## ANALYSIS

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."  *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks and citation omitted).

A § 2255 motion is not a substitute for a direct appeal.  *See Bousley v. United States*, 523 U.S. 614, 621 (1998).  "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings."  *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976).  "Defendants must assert their claims in the ordinary course of trial and direct appeal."  *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

Even constitutional claims that could have been raised on direct appeal, but were not, will be barred by procedural default unless the defendant demonstrates cause and prejudice sufficient to excuse his failure to raise these issues previously.  *El-Nobani v. United States*, 287 F.3d 417, 420 (6th Cir. 2002) (withdrawal of guilty plea); *Peveler v. United States*, 269 F.3d 693, 698-99 (6th Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors).  Alternatively, a defendant may

3

obtain review of a procedurally defaulted claim by demonstrating his "actual innocence." *Bousley*, 523 U.S. at 622.

### Farrington's *Rehaif* Claim

In his initial § 2255 Motion, Farrington raised a claim based on the Supreme Court's decision in *Rehaif*. (Civ. No. 21-1020, ECF No. 1 at PageID 4-5.) The Supreme Court held in *Rehaif* that in § 922(g) prosecutions, "the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194. Farrington argues, relying on *Rehaif*, that his indictment was defective because it "did not allege with reasonable specificity that [he] knew that his possession [of ammunition] was unlawful" and that the Government failed to prove the requisite mens rea element. (ECF No. 1 at PageID 4.) He further argues that the Court lacked jurisdiction to accept his guilty plea given the defect in the indictment. (*Id*.)

Respondent argues that Farrington has procedurally defaulted on this claim by failing to raise it on direct appeal. (ECF No. 6 at PageID 19-20.) The Court agrees.

Farrington did not raise any *Rehaif*-based arguments during his criminal case, and he did not raise any such arguments in his direct appeal. Therefore, any claim that he now brings based on *Rehaif* is defaulted and none of the exceptions to the procedural default rule apply here.

First, Farrington cannot argue that his default should be excused because a *Rehaif*-based claim would have been foreclosed by prior Sixth Circuit precedent because "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley*, 523 U.S. at 623 (internal quotation marks and citation omitted).

4

Second, although *Rehaif* was decided after Farrington pleaded guilty to violating § 922(g)(1) and after his appeal was decided, Farrington cannot show cause for his procedural default by arguing that the legal basis for his claim was "so novel that its legal basis is not reasonably available to counsel." *Bousley*, 523 U.S. at 622 (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). Indeed, the fact that the defendant in *Rehaif* ultimately prevailed at the Supreme Court demonstrates that Farrington could have made a similar objection to the indictment's omission of a knowledge-of-status element. *See* 139 S. Ct. at 2200; *see also United States v. Wooden*, 945 F.3d 498, 506 (6th Cir. 2019), *rev'd and remanded on other grounds*, 595 U.S. 360 (2022) ("[I]t would be self-refuting for [a defendant] to argue that he could not have presented his claim until after *Rehaif* was decided" because "the defendant in *Rehaif* did just that.")

Nor could Farrington demonstrate actual prejudice to overcome procedural default. To show prejudice, Farrington must not merely show "that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). As discussed *infra*, the record in this case demonstrates that even if Farrington had raised an objection before the Court, the Government would have been able to establish Farrington's knowledge of his status as a convicted felon beyond a reasonable doubt.

Farrington does not argue that he is actually innocent of the § 922(g) offense, but such a claim would fail given his extensive criminal record. To establish actual innocence, Farrington would have to show that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (internal quotation marks and citation

omitted). "[I]n this regard[,] 'actual innocence' means factual innocence, not mere legal insufficiency. *Id*.

At the time that Farrington possessed the ammunition, he had 10 convictions punishable by a term exceeding one year: (1) robbery with a firearm, for which he received a 10-year sentence (No. 1:17-cr-10032-STA-1, PSR, ECF No. 71 at PageID 216 (¶ 35)); (2) a second conviction for robbery with a firearm and another 10-year sentence (*id*.); (3) possession of cocaine, for which he received a one-year sentence (*id*.); (4) burglary while armed with a firearm, for which he received a 10-year sentence (*id*. at PageID 217 (¶ 37)); (5) aggravated battery with a firearm, for which he was sentenced to 10 years (*id*.); (6) robbery with a firearm and another 10-year sentence (*id*.); (7) kidnapping while armed with a firearm, for which he received a 10-year sentence (*id*.); (8) felon in possession of a firearm, for which he was sentenced to 5.5 years in custody (*id*. at PageID 219 (¶ 39)); and (10) resisting an officer without violence, for which he received a 12-month sentence (*id.*) Farrington made objections to various factual findings in the PSR, but he did not object to the existence of any of these prior felony convictions. (*See* ECF Nos. 81 & 82.)

Farrington's extensive criminal history, which includes a state court conviction for being a felon in possession of a firearm, render implausible the notion that he did not know he was a felon when he possessed the ammunition. *See United States v. Hobbs*, 953 F.3d 853, 858 (6th Cir. 2020) (rejecting challenge to a pre-*Rehaif* § 922(g)(1) guilty plea where defendant had previously been convicted of a felony for which he served six years in prison); *see also United States v. Conley*, 802 F. App'x 919, 923-24 (6th Cir. Feb. 5, 2020) (reasoning that defendant "undoubtedly knew he was a felon . . . when he possessed the firearms" given his multiple prior convictions).

Farrington has not demonstrated actual innocence or prejudice to overcome the procedural default. Given the clear evidence that he knew about his felony status, Farrington has not shown that he is entitled to habeas relief on his *Rehaif*-based claim that his indictment was defective because it did not allege knowledge of status. His claim that the Court lacked jurisdiction to accept his guilty plea based on the alleged defect in the indictment is likewise without merit.

Ineffective Assistance of Counsel

Farrington also argues that his attorney was ineffective for failing to advise him of the knowledge-of-status requirement during plea negotiations and for failing to request a mental health evaluation. (ECF No. 1 at PageID 5-6.)

To prevail on a claim of ineffective assistance of counsel, a prisoner must show that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient when it falls "below an objective standard of reasonableness." *Id.* at 688. Where, as here, a prisoner claims that his guilty plea arose from the ineffective assistance of counsel, "the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (internal quotation marks and citation omitted).

> A court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance. The challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.

*Harrington v. Richter,* 562 U.S. 86, 104 (2011) (internal quotation marks and citations omitted).

7

To demonstrate prejudice, a prisoner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the guilty plea context, a movant satisfies the "prejudice" requirement by "show[ing] that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

The Supreme Court decided *Rehaif* on June 21, 2019, which was after the Court accepted Farrington's guilty plea and sentenced him for possessing ammunition as a convicted felon. (*See* No. 1:17-cr-10032-STA-1, Judgment, ECF No. 86 at PageID 279.) At the time Farrington pleaded guilty, Sixth Circuit caselaw did not require the Government to prove the defendant's knowledge of his prohibited status when he knowingly possessed a firearm or ammunition. *See, e.g., United States v. Brown*, 888 F.3d 829, 833 (6th Cir. 2018). An attorney's failure to anticipate a change in the law generally does not constitute ineffective assistance of counsel. *Nichols v. United States*, 563 F.3d 240, 253 (6th Cir. 2009).

Farrington also claims that counsel was ineffective for failing to raise a *Rehaif*-based claim on direct appeal. (ECF No. 1 at PageID 5.) Farrington entered a conditional guilty plea under Rule 11(a)(2) of the Federal Rules of Criminal Procedure and reserved only his right to appeal the adverse ruling on his motion to suppress evidence. (No. 1:17-cr-10032-STA-1, Rule 11 Notice, ECF No. 67.) He therefore waived the right to appeal any issues except for the ruling on his motion to suppress.[1]

---

[1] Even if Farrington had not waived his right to raise the issue on appeal, failing to raise an argument that is contradicted by existing precedent is not deficient performance, *Baker v. Voorhies*, 392 F. App'x 393, 401-02 (6th Cir. 2010), unless a change in the law was "clearly foreshadow[ed]," *Thompson v. Warden, Belmont Corr. Inst.*, 598 F.3d 281, 288 (6th Cir. 2010) (internal quotation marks and citation omitted). As stated, at the time of Farrington's conviction,

Farrington also claims that counsel was ineffective for failing to pursue a mental health evaluation. (ECF No.1 at PageID 6.) According to Farrington, his mental health and substance abuse issues affected his "competence to willfully act in violation of § 922(g) by willfully possessing an illegal firearm." (*Id*.)

At his change of plea hearing, Farrington was advised that the Government would have to prove each element of the § 922(g) offense, including knowing possession of the ammunition. (No. 1:17-cr-10032-STA-1, Change of Plea Hearing, ECF No. 93 at PageID 314-15.) Farrington's mental health issues were addressed at the hearing, and Farrington stated that he had been taking medication for depression and anxiety for two years. (*Id*. at PageID 309-11.) Farrington does not explain, however, how this history negated his knowledge that he was unlawfully in possession of ammunition. Moreover, he never claimed during the hearing, or at any other point during the criminal proceeding, that he did not know he was in possession of the ammunition. Farrington also does not assert, nor does the record reveal, that he asked his counsel to pursue a mental health evaluation. There is also no record evidence that counsel had any reason to believe that a mental health evaluation was necessary.

A prisoner seeking habeas relief under § 2255 has the burden of proving that his attorney was constitutionally ineffective "by a preponderance of the evidence." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Farrington's vague allegations in support of this claim fail to satisfy his burden and are insufficient to demonstrate ineffective assistance of counsel.

---

existing Sixth Circuit precedent did not require a knowledge-of-status element. *See Brown*, 888 F.3d at 833.

Farrington's ACCA Claims

Farrington also raises several arguments challenging the application of the ACCA in his case. He argues, relying on *Borden v. United States*, 141 S. Ct. 1817 (2021), that his Florida robbery convictions no longer qualify as violent felonies under the elements clause of the ACCA. (ECF No. 13 at PageID 97-98.) In *Borden*, a plurality of the Supreme Court held that a mens rea of recklessness is insufficient to satisfy the "elements" clause of the definition of violent felony in the ACCA, 18 U.S.C. § 924(e)(2)(B)(i). 141 S. Ct. at 1825.

The Supreme Court has not held that *Borden* applies retroactively on collateral review, but the United States has implicitly conceded that it does. (*See* ECF No. 27 at PageID 159.) Because Farrington raised his claim within one year of the *Borden* decision, it is timely. *See* 28 U.S.C. § 2255(f)(3).

Farrington's argument is nonetheless foreclosed by *Stokeling v. United States*, 139 S. Ct. 544 (2019). In *Stokeling*, the Supreme Court considered the same Florida robbery statute at issue in this case and held that "Florida robbery qualifies as an ACCA-predicate offense under the elements clause." *Id*. at 555. *Stokeling* was decided two years before *Borden*, but as the Eleventh Circuit observed in rejecting a *Borden* challenge to Florida's robbery statute, "the Supreme Court cited to *Stokeling* in its analysis, and never suggested that *Stokeling* had been abrogated." *United States v. LaFrance*, No. 20-13317, 2021 WL 3163766, at *3 (11th Cir. July 27, 2021). Further, the Eleventh Circuit stated that it could not locate "any Florida cases indicating that robbery in violation of Fla. Stat. § 812.13(1) can be committed by a defendant with a mens rea of recklessness or less." *Id*. at *2. Because Florida law requires that the defendant "directly threaten the victim's bodily integrity," to sustain a conviction under § 812.13, "just as *Borden* contemplated as

10

necessary for violent felonies," the Eleventh Circuit concluded that Florida robbery categorically qualified as an ACCA predicate offense. *Id*. (internal quotation marks and citation omitted).

Farrington also argues that the degree of force required to commit robbery under Florida law is insufficient for purposes of the ACCA's elements clause. (ECF No. 13 at PageID 99-106.) The United States asserts that this claim is untimely because it was not raised within one year of the Supreme Court's denial of Farrington's petition for a writ of certiorari. (ECF No. 27 at PageID 157.)

The Supreme Court denied Farrington's petition for certiorari on April 7, 2020. (No. 1:17-cr-10032-STA-1, Notice, ECF No. 111 at PageID 466.) Farrington first raised his claim that the force required under the Florida robbery statute was insufficient to satisfy ACCA's definition of a violent felony in his motion to amend filed on March 4, 2022. (ECF No. 10 at PageID 69-74.) Though Farrington's original § 2255 Motion was timely, his argument that he was improperly sentenced under the ACCA is not because it was not filed within one year of the date his conviction became final. *See* § 2255(f)(1). The claim is not based on a right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" because Farrington merely argues that Florida robbery is not categorically a violent felony under the ACCA and does not point to any new right recognized by the Supreme Court. *See* § 2255(f)(3). Further, his claim is distinct from and does not relate back to the *Rehaif* claim raised in his original § 2255 Motion. *See* Fed. R. Civ. P. 15(c)(1)(B) (providing that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or

11

attempted to be set out—in the original pleading"). Accordingly, Farrington's claim is time barred.

Even if Farrington's claim was not time barred, it is without merit. Farrington was convicted of two counts of robbery with a firearm under Fla. Stat. § 812.13(1) and (2)(a). (ECF No. 6-1 at PageID 43). The Florida robbery statute provides, in pertinent part:

> (1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.
>
> (2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084.

Fla. Stat. § 812.13 (2002).

As discussed, the Supreme Court held in *Stokeling* that a conviction under § 812.13 qualifies as an ACCA predicate offense because the degree of force required under the Florida robbery statute is the same as that required by the ACCA. 139 S. Ct. at 555. Accordingly, Farrington's argument that the force required to commit Florida robbery is insufficient to satisfy the elements clause of the ACCA is without merit.

Finally, Farrington argues that his attorney was ineffective for failing to argue that Florida robbery was not a violent felony under the ACCA. (ECF No. 13 at PageID at 106-08.) As discussed, Florida robbery is an ACCA predicate offense, therefore, counsel was not ineffective for failing to challenge the application of the ACCA in Farrington's case.

Farrington's *Wooden* Claim

Farrington relies on *Wooden* to argue that his two convictions for armed robbery that served as ACCA predicate offenses should have counted as a single offense. (ECF No. 16 at PageID 120-21.) The Supreme Court held in *Wooden* that "[c]onvictions arising from a single criminal episode . . . can count only once under ACCA." 595 U.S. at 363. Because *Wooden* announced a new substantive interpretation of the ACCA, the Court will presume that it applies retroactively to cases on collateral review. *See Schriro v. Summerlin*, 542 U.S. 348, 351 (2004) (explaining that "[n]ew substantive rules generally apply retroactively," including "decisions that narrow the scope of a criminal statute by interpreting its terms"). Because Farrington brought his claim within one-year of the Supreme Court's decision in *Wooden*, which was decided on March 7, 2022, it is timely. § 2255(f)(3).

Farrington's *Wooden* claim nonetheless fails on the merits. In *Wooden*, the defendant broke into 10 different storage units at a single location in one evening, resulting in 10 charges of burglary. 595 U.S. at 362. The defendant was later convicted for violating § 922(g), and he received an enhanced sentence under the ACCA based on his burglary convictions. *Id*. at 364. The Supreme Court concluded that the defendant's 10 burglary convictions were not sufficient to trigger the ACCA. *Id*. at 366.

The ACCA imposes a mandatory minimum sentence of 15 years if the § 922(g) offender has three prior convictions for "violent felon[ies]" or "serious drug offense[s]" that were "committed on occasions different from one another." § 924(e)(1). In considering the ACCA's "occasions clause," the *Wooden* Court determined that the analysis of whether the ACCA applied was "multi-factored in nature" and that:

13

> Offenses committed close in time, in an uninterrupted course of conduct, will often count as part of one occasion; not so offenses separated by substantial gaps in time or significant intervening events. Proximity of location is also important; the further away crimes take place, the less likely they are components of the same criminal event. And the character and relationship of the offenses may make a difference: The more similar or intertwined the conduct giving rise to the offenses—the more, for example, they share a common scheme or purpose—the more apt they are to compose one occasion.

595 U.S. at 369.

The armed robberies that Farrington challenges are listed in paragraph 35 of the PSR. Farrington was arrested for those robberies on September 14, 2001, and he was convicted on October 8, 2002. (No. 1:17-cr-10032-STA-1, ECF No. 71 at PageID 216-17 (¶ 35)). Farrington committed one robbery on September 13, 2001, and the second robbery on September 14, 2001. *Id*. During the first robbery, Farrington took money, credit cards, and identification cards from Thomas Grinstead using a gun, and in the second robbery, he took a lunch bag from Domingo Santos using a gun. *Id*.

Unlike the offenses in *Wooden*, which were committed on a single night, in a single uninterrupted course of conduct, and in a single location, *see* 595 U.S. at 370, Farrington's robberies happened on different days and involved different victims. Thus, it cannot be said that they were "uninterrupted," and as the Supreme Court noted, "a single factor—especially of time or place—can decisively differentiate occasions." *Id*. Further, as the *Wooden* Court recognized, "[c]ourts . . . have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart, or at a significant distance." *Id*. (internal quotation marks and citations omitted). As such, Farrington's 2001 robberies cannot "count as part of one occasion," and his *Wooden* claim is without merit. *Id*. at 369.

14

Even if the 2001 armed robberies were to count as a single offense, Farrington has many other convictions that qualify as violent felonies under the ACCA. In addition to his two convictions for robbery with a firearm in paragraph 35 of the PSR, Farrington has a set of convictions for aggravated battery with a firearm and robbery with a firearm, for which he was convicted on November 5, 2002. (No. 1:17-cr-10032-STA-1, ECF No. 71 at PageID 217 (¶ 37).) He also has three other robbery convictions, which he committed on August 30, 2001, *id*. at PageID 216 (¶ 34); August 28, 2001, *id*. at PageID 217 (¶ 36); and August 25, 2001, *id*. at PageID 218 (¶ 38). As indicated in the Second Addendum to the PSR, following *Stokeling*, these convictions are also qualifying offenses for the ACCA enhancement. (ECF No. 84 at PageID 277); *Stokeling*, 139 S. Ct. at 555. Accordingly, even if his convictions for robbery with a firearm in paragraph 35 were to count as one offense, Farrington has a total of five ACCA predicate offenses.[2] He was properly sentenced as an armed career criminal.

<u>Farrington's Remaining Motions</u>

Farrington seeks documents from the Probation Office supporting his criminal history. (ECF No. 28.) He claims that the requested documents would support the supplemental claims that he raised in ECF Nos. 13 and 16. *See id*. at PageID 165. As discussed, Farrington's supplemental claims are either untimely or without merit. Thus, his motion for documents is **DENIED**.

---

[2] Farrington's attorney initially filed a *Wooden*-style objection to the armed robbery offenses in paragraph 35 of the PSR. No. 1:17-cr-10032-STA-1, ECF No. 81 at PageID 265-66. In a subsequent position statement, however, Farrington's attorney acknowledged that "regardless of whether the government is able to prove that the two robbery with a firearm offenses in Paragraph 35 were committed on different occasions, it appears that Defendant will still qualify as an Armed Career Criminal offender." (ECF No. 83 at PageID 275.)

Farrington has also filed three motions requesting an extension of time to file a reply to the United States' supplemental response. (ECF Nos. 29, 30, 31.) He claims that his access to the law library has been restricted due to the facility "being in a lockdown" for an unspecified amount of time and asks for more time to respond to the United States' arguments addressing his claims under *Borden* and *Wooden*. (ECF No. 29 at PageID 169-70.) Because Farrington's claims based on *Borden* and *Wooden* are clearly without merit, his motions for an extension of time to file a reply are **DENIED**.

## APPELLATE ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

16

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the § 2255 Motion.  Because any appeal by Farrington does not deserve attention, the Court **DENIES** a certificate of appealability.

A habeas petitioner seeking to appeal must pay the $605 filing fee required by 28 U.S.C. §§ 1913 and 1917.  Under Federal Rule of Appellate Procedure 24(a)(1), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must move to proceed in forma pauperis in the appellate court.  *See* Fed. R. App. P. 24(a)(4)-(5).

For the same reason it denies a COA, the Court finds that any appeal would not be taken in good faith.  The Court therefore **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith and **DENIES** Farrington leave to appeal in forma pauperis.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:   February 14, 2024.